IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-10-14-MJ |
| | § | |
| GEORGE GARCIA | § | |

## ORDER OF DETENTION

On June 1, 2010, this Court conducted a combined Preliminary and Detention Hearing in the above-styled and numbered cause; the Government had moved for **Garica's** detention pursuant to 18 U.S.C. § 3142(f)(1)(E). The Government offered the testimony of Brian Fox, an Agent with the Bureau of Alcohol, Tabacco, Firearms and Explosives (A.T.F.); the Defendant offered no testimony. The Court also made the Pretrial Services report, which recommended a $100,000 bond, a part of the record. Having now considered all of the evidence the Court finds that there is probable cause to believe that **Garcia** has committed the felony offense of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

The Court further finds, in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), that the following facts are established by clear and convincing evidence:

1. That at the time of the execution of the search warrant at **Garcia's** residence, agents found approximately 200 grams of heroin packaged for distribution and a significant amount of cash which **Garcia** admitted he possessed, in part, from the sale of illegal narcotics;

2. That although **Garcia** is not presently charged with any drug trafficking offense, the foregoing finding exposes him to prosecution for a drug offense with a maximum penalty

of 10 years or more of confinement, 21 U.S.C. § 841(b)(1)(B), which would raise the statutory presumption in favor of his detention, 18 U.S.C. § 3142(e);

3. That despite four prior felony convictions and prison sentences for drug offenses, one a drug trafficking offense, **Garcia**, who is presently 62 years of age, admittedly continued to distribute narcotics illegally;

4. That **Garcia's** long history of drug usage, possession and trafficking fairly predicts a continuation of such activities if he were to be released;

5. That **Garcia** was, and may still be, a high ranking active member of the Texas Syndicate, a prison gang which has a known reputation for violence and drug trafficking;

6. That based upon the foregoing findings, **Garcia** would constitute a danger to the community of released;

7. That the credible evidence and information submitted establishes by clear and convincing evidence that, despite **Garcia's** present treatment for heroin addiction, there is no condition or combination of conditions which could be imposed upon **Garcia** by this Court to reasonably assure the safety of the community if he were released.

It is, therefore, **ORDERED** that **George Garcia** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that the **George Garcia SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **George Garcia** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas this ____2nd____ day of June, 2010.

John R. Froeschner
United States Magistrate Judge